# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY EUGENE LARSON,            )
           Plaintiff,            )    2:07-CV-00631-RLH (VPC)
                                         )
    vs.            )    **REPORT AND RECOMMENDATION**
                                         )    **OF U.S. MAGISTRATE JUDGE**
M. WILLIAMS, *et al*.,            )
           Defendants.            )    February 26, 2009
_____)

This Report and Recommendation is made to the Honorable Roger L. Hunt, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Harvey Eugene Larson ("plaintiff") is a state prisoner proceeding *pro se*. Plaintiff initiated this action on April 2, 2007, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff requested authority pursuant to 28 U.S. § 1915 to proceed in forma pauperis, which was granted in the court's April 15, 2008 order (#11). The court also dismissed plaintiff's complaint with leave to amend because plaintiff failed to identify an actual injury because he did not set forth how lack of library access prevented him from filing a habeas petition. *Id*., p. 3. Plaintiff also failed to "allege in specific terms how each defendant is involved" because he did not "make clear how the defendant law librarians can be held liable for a denial of law library access that occurs due to lockdowns." *Id*. Plaintiff filed an amended complaint on March 11, 2008 (#18).[1] In his amended complaint, plaintiff names as defendants M. Williams and

---

[1] In addition to his amended complaint, plaintiff also filed three appeals to the Ninth Circuit (#s 16, 17, 18), and a petition for writ of mandamus (#20). Plaintiff states that he is appealing the "final judgment to dismiss for failure to state a claim upon which relief can be granted, entered on or about June 30, 2008" (#16). Plaintiff's petition for writ of mandamus requests the court to enter a final order so that he can "appeal the case being dismissed" (#20). He cites the court's April 15, 2008, order of dismissal with leave to amend. *Id*. The court did not dismiss plaintiff's case in its April 15 order. Rather, plaintiff was given leave to amend his complaint to cure its deficiencies. Plaintiff amended his complaint (#14), and his amended complaint is the subject of the instant order. Given that plaintiff's case is still pending, the court cannot enter judgment. Therefore, plaintiff's petition for writ of mandamus (#20) is denied.

Reveris, both law librarians at High Desert State Prison, and John Doe, "staff" at HDSP. *Id*.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity 28 U.S.C. § 1915A(a). The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

Plaintiff claims that defendants Reveris and Williams purposefully denied him access to the law library from December 5, 2000 to November 15, 2007 (#14, p. 3). Plaintiff alleges that

1  although he sent two to three inmate request forms a month, and a "601 form" every month,
2  defendants allowed plaintiff to go to the law library only twice a year from 2000 to 2007. *Id*.
3  Plaintiff states that defendant Reveris worked in the law library from 2000-2005 and defendant
4  Williams worked there from 2005-2007, and that both were in charge of placing inmates on a list
5  to be admitted access to the law library, and that both purposefully denied plaintiff access by
6  refusing to place him on the list. *Id*. at p. 3-4. Plaintiff contends that, because of this denial of
7  library access, courts dismissed numerous of plaintiff's cases for his failure to cure deficiencies
8  in complaints. *Id*. at p. 5.

9  The state must provide access to an adequate law library or the assistance of persons with
10 legal training. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The state may choose the means of
11 access in order to satisfy this constitutional obligation. *Storseth v. Spellman*, 654 F.2d 1349, 1353
12 (9th Cir. 1981). "When an adequate method of access is provided and an inmate does not avail
13 himself of it, he may not insist on an avenue of his choosing." *Id.* A regulation related to library
14 access that arguably impinges on First Amendment rights "is valid if reasonably related to
15 legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). An inmate must show
16 that a violation of his First Amendment right of access to the courts caused him actual injury.
17 *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

18 Plaintiff has not made allegations that demonstrate defendants denied him access to the
19 courts. In the screening order of plaintiff's original complaint, the court instructed plaintiff to
20 identify an actual injury and to "make clear how the defendant law librarians can be held liable
21 for denial of law library access that occurs due to prison lockdowns" (#11, p. 3). Plaintiff has not
22 cured these deficiencies in his amended complaint. Plaintiff attempts to allege an actual injury
23 my listing numerous cases that he has filed in state and federal court (#14, p. 2-4). Although
24 plaintiff states that states that being "ducated twice a year to law library for researched caused
25 complaints to be dismissed," he does not explain the procedural reasons why all of his cases were
26 dismissed. The court has reviewed the disposition of plaintiff's listed cases. One case is still
27 pending (2:06-1794), several were dismissed because plaintiff failed to exhaust his administrative
28

1  remedies and several were dismissed as duplicative. Many of plaintiff's cases were also dismissed
2  for failure to state a claim, but plaintiff was given leave to amend. Plaintiff chose not to amend
3  or ask for an extension of time to file an amended complaint in many of his cases. Plaintiff does
4  not allege that defendants prevented him from filing his habeas petition or any of his civil rights
5  complaints. Plaintiff also does not allege that he was otherwise denied access to the court as he
6  does not allege that defendants prevented him from pursuing any of his cases. He states that he
7  was permitted library access on eleven occasions through the open line law library. Plaintiff has
8  been able to pursue all claims against the prison. He has requested extensions of time to file
9  amended complaints in certain cases, but failed to do so in others. Because plaintiff has not been
10 denied access to the court, he has not identified any actual injury.

11     Next, plaintiff fails to explain how each named defendant is involved. Plaintiff does not
12 identify who defendant "Staff John Doe" is, or how he specifically denied plaintiff access to the
13 courts. Plaintiff states that HDSP is locked down for ten months of the year. However, plaintiff
14 again does not explain how the defendant law librarians can be held liable for a denial of law
15 library access that occurs due to prison lockdowns. There is no liability under section 1983 unless
16 there is some affirmative link or connection between a defendant's actions and the claimed
17 deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976). Plaintiff alleged that defendants Reveris and
18 Williams purposefully denied him access to the law library. However, vague and conclusory
19 allegations concerning the involvement of official personnel in civil rights violations are not
20 sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff has not
21 explained how defendants are liable for denying him library access that occurred because of
22 prison lockdowns. Additionally, plaintiff states that he was prevented from participating in an
23 open line law library session because there were no open chairs (#14, p. 5). Plaintiff does not
24 explain how any of the defendants are liable because of this lack of space. Plaintiff has not cured
25 the deficiencies in his original complaint and plaintiff's amended complaint (#11) fails to state
26 a claim upon which relief can be granted. It is therefore recommended that plaintiff's amended
27 complaint (#18) be dismissed.
28

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72-304(b) of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**IT IS THEREFORE RECOMMENDED** that plaintiff's amended complaint (#18) be **DISMISSED** without prejudice.

**DATED:** February 26, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**